```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

RAYMOND FOX,

                Petitioner,           MEMORANDUM OPINION
                                      AND ORDER
        -against-
                                      S2 03 Cr. 1375 (MGC)
                                      12 Civ. 8611 (MGC)
UNITED STATES OF AMERICA,

                Respondent.
----------------------------------X

APPEARANCES:

        RAYMOND FOX
        Petitioner pro se
        18174-050
        P.O. Box 27002
        Brooklyn, NY 11232

        PREET BHARARA
        United States Attorney for the
        Southern District of New York
        One Saint Andrew's Plaza
        New York, New York  10007

        By: Brendan F. Quigley
        Assistant United States Attorney
```

**Cedarbaum, J.**

Raymond Fox moves for a modification of his sentence under 18 U.S.C. § 3582(c). For the reasons that follow, that motion is denied.

On June 29, 2004, Fox pleaded guilty to conspiring to distribute and possess with intent to distribute cocaine and cocaine base, under 21 U.S.C. §§ 846 and 851, and to distributing and possessing with intent to distribute cocaine and cocaine base under 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) and 851.

Section 841(b)(1)(A) then and now provided that "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years."  On June 25, 2004, the government had filed the prior felony information required by § 851 in order to charge Fox as a career offender.  The information contained two convictions: (1) a March 8, 1995, federal criminal conviction for intent to facilitate a conspiracy to possess with intent to distribute 300 grams of cocaine base; and (2) a June 22, 1992 conviction, following a plea of nolo contendere, in Pennsylvania state court, for possessing cocaine with intent to distribute it and conspiracy to possess cocaine with intent to distribute it.

2

At sentencing, I departed from the guideline range and sentenced Fox to the statutory mandatory minimum of 20 years.

On appeal, Fox challenged the constitutionality of the prior felony information based on separation of powers arguments and an alleged violation of the Due Process Clause. United States v. Sanchez, 517 F.3d 651, 656 (2d Cir. 2008). The Second Circuit rejected the challenges and affirmed the conviction, noting in its reasoning that Fox had "offered no basis for suspecting that the government had any improper motive" for filing a prior felony information only against him. Id. at 671.

Fox now moves for modification of his sentence under 18 U.S.C. § 3582, claiming that he is eligible based on the reduction in the base offense for crack cocaine under the sentencing guidelines. However, "this Court does not have the authority to reduce [a defendant's] sentence to a term that is less than the statutory mandatory minimum that applied at the time he was originally sentenced." United States v. Royal, No. 08 Cr. 698 (DC), 2012 WL 527429, at *2 (S.D.N.Y. Feb. 17, 2012). Fox's sentence cannot be reduced, regardless of any change in the guidelines, because it was already at the mandatory minimum.

Perhaps anticipating this argument, Fox argues that his counsel was ineffective for failing to argue that the government filed a career offender enhancement against him as punishment for his initial refusal to accept a plea of guilty. He also

3

argues that his Pennsylvania conviction was improperly used in enhancing his sentence.

Neither of these claims can be raised on a motion for a sentencing reduction under § 3582: "Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Dillon v. United States, 130 S. Ct. 2683, 2691, 177 L. Ed. 2d 271 (2010).

Even if these claims could be raised here, they are meritless.  The Second Circuit rejected on the merits Fox's allegation that the government's decision to file a prior felony information against only him was based on an improper motive. Sanchez, 517 F.3d at 671-72.  Any alleged failure by counsel to raise that claim at an earlier stage could not have prejudiced him.  As for the Pennsylvania conviction, the twenty year mandatory minimum is applied whenever a defendant has "**a** prior conviction for a felony drug offense." 21 U.S.C. § 841(b)(1)(A) (emphasis added).  The government's prior felony information was based on two different offenses.  Fox does not challenge the use of the federal offense.  Therefore, even if he is right in his contentions about the Pennsylvania conviction, I was required to sentence him to a minimum of twenty years in prison.

4

Accordingly, Fox's motion for modification of his sentence is denied.

SO ORDERED.

Dated:   New York, New York
         July 10, 2013

S/_____
   MIRIAM GOLDMAN CEDARBAUM
   United States District Judge